IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MARIO THOMAS                                                                                              PLAINTIFF

V.                                                                                    CIVIL ACTION NO. 2:12CV66-B-S

QDOBA MEXICAN GRILL                                                                           DEFENDANT

## **MEMORANDUM OPINION**

This cause comes before the court upon the defendant's Motion to Dismiss and/or for Summary Judgment Pursuant to the Federal Arbitration Act. Upon due consideration of the motion, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Mario Thomas, was hired as a cook by the defendant, Go Foods, LLC, d/b/a Qdoba Mexican Grill, a restaurant in Southaven, Mississippi, on March 12, 2010. Thomas, an African-American, alleges that during his employment he suffered disparate treatment from similarly situated white employees because of his race in violation of Title VII. He was terminated on September 13, 2010, and submitted his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") the next day. The EEOC issued his notice of right to sue on November 30, 2011. The plaintiff filed the present action in the United States District Court for the Western District of Tennessee on February 24, 2012. That court transferred the case to this district court on April 13, 2012.

Upon his hiring, the plaintiff executed an "Agreement and Receipt for Dispute Resolution Program" and received the defendant's "Dispute Resolution Program Booklet." Under the agreement, both parties are required to submit "all legal claims . . . to binding arbitration." The parties agreed "that this binding arbitration will be the sole and exclusive final remedy for

resolving any such claim or dispute." The plaintiff did not follow the agreement which requires a request for administrative and executive review of the applicable employment action, followed by a request for arbitration. He instead submitted his charge to the EEOC and, upon notice of right to sue, filed the present action. The defendant has moved to dismiss pursuant to the arbitration agreement.

## Analysis

The Mississippi Supreme Court "has recognized that arbitration is favored and firmly embedded in both our federal and state laws." *Vicksburg Partners, LP v. Stephens*, 911 So. 2d 507, 513 (Miss. 2005), *overruled on other grounds by Covenant Health & Rehab. of Picayune, LP v. Estate of Moulds ex rel. Braddock*, 14 So. 3d 695 (Miss. 2009). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *East Ford, Inc. v. Taylor*, 826 So. 2d 709, 713 (Miss. 2002).

Under the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In ruling on a motion to compel arbitration under the FAA, a court must make a two-pronged inquiry. *East Ford*, 826 So. 2d at 713. "The first prong has two considerations: (1) whether there is a valid arbitration agreement and (2) whether the parties' dispute is within the scope of the arbitration agreement." *Id.* Under the second prong, the question addressed is "whether legal constraints external to the parties' agreement foreclosed arbitration of those claims." *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). "[A]pplicable contract defenses available under state contract

law such as fraud, duress, and unconscionability may be asserted to invalidate the arbitration agreement without offending the Federal Arbitration Act." *Id.*

The plaintiff has filed no response in opposition to the defendant's motion. The court finds that the subject arbitration agreement is valid and that the plaintiff's claims fall squarely within the scope of the broad language of the agreement. Further, the court finds no external legal constraints which would foreclose arbitration of the plaintiff's claims.

Both the Fifth Circuit and this court have enforced Mississippi arbitration agreements in Title VII cases. *See May v. Higbee Company*, 372 F.3d 757 (5th Cir. 2004) (reversing district court's denial of employer's motion to compel arbitration in Title VII action); *Blake v. Murphy Oil, USA, Inc.*, 2010 WL 3717245 (N.D. Miss. Sept. 14, 2010) (dismissing Title VII action based on enforceable arbitration agreement between employer and employee); *Green v. W.R.M. & Associates, Ltd.*, 174 F. Supp. 2d 459 (N.D. Miss. 2001) (dismissing Title VII action based on arbitration agreement). The court finds that the case should be dismissed based on the subject arbitration agreement.

The defendant also asks the court to award attorneys' fees in accordance with the arbitration agreement. The court declines to do so. Mississippi courts generally afford a pro se litigant some degree of leeway. *See, e.g., Goodin v. Dep't of Human Servs.*, 772 So. 2d 1051, 1054 (Miss. 2000). While this leeway typically applies to standards in pleading, the court finds that the circumstances of this case warrant an extension of that benefit of the doubt to the pro se plaintiff here. The defendant's request for attorneys' fees is, therefore, denied.

Conclusion

For the foregoing reasons, the court finds that the defendant's motion to dismiss is well taken and should be granted with the exception of the defendant's request for attorneys' fees which will be denied. A separate order in accord with this opinion shall issue this day.

This, the 21st day of March, 2013.

     /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**